# REGISTER OF ACTIONS
## CASE NO. 16-DCV-232157

| | | |
|---|---|---|
| **Diane Mumphrey vs Allstate Texas Lloyd's** | §<br>§<br>§<br>§<br>§ | Case Type: **Contract - Consumer/Commercial/Debt**<br>Date Filed: **05/06/2016**<br>Location: **400th District Court** |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| **Defendant or Respondent** | **Allstate Texas Lloyd's**<br>Dallas, TX 75201 | **Attorneys**<br>**Jay Scott Simon**<br>*Retained*<br>713-403-8216(W) |
| **Plaintiff or Petitioner** | **Mumphrey, Diane**<br>Sugar Land, TX 77498 | **Jesse S. Corona**<br>*Retained*<br>281-882-3531(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 05/06/2016 | **Docket Sheet**<br>*Docket Sheet* | |
| 05/06/2016 | **Petition**     **Doc ID# 1**<br>*Plaintiff's Original Petition* | |
| 05/06/2016 | **Case Information Sheet**<br>*Civil Case Information Sheet* | |
| 05/06/2016 | **Jury Fee Paid**<br>*Jury Demand* | |
| 05/11/2016 | **Issuance**     **Doc ID# 2**<br>*Citation Issued to All State Texas Lloyd's* | |
| 05/11/2016 | **Citation**<br>*Mailed to Attorney*<br>Allstate Texas Lloyd's | Served        05/26/2016<br>Returned     06/09/2016 |
| 05/11/2016 | **Letters**<br>*Form Letter* | |
| 06/09/2016 | **Officers Return**     **Doc ID# 3**<br>*Officers Return On Citation Issued to Allstate Texas Lloyd's* | |
| 06/16/2016 | **Notice**     **Doc ID# 4**<br>*Plaintiff's Attorney Vacation Letter* | |
| 06/17/2016 | **Answer/Contest/Response/Waiver**     **Doc ID# 5**<br>*Defendant Allstate Texas Lloyd's Original Answer to Plaintiff's Original Petition* | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Defendant or Respondent** Allstate Texas Lloyd's | | | |
| Total Financial Assessment | | | 2.00 |
| Total Payments and Credits | | | 2.00 |
| **Balance Due as of 06/23/2016** | | | **0.00** |
| 06/17/2016 | Transaction Assessment | | 2.00 |
| 06/17/2016 | E-filing | Receipt # 2016-35173-DCLK | Allstate Texas Lloyd's | (2.00) |

| | | | |
|---|---|---|---|
| **Plaintiff or Petitioner** Mumphrey, Diane | | | |
| Total Financial Assessment | | | 384.00 |
| Total Payments and Credits | | | 384.00 |
| **Balance Due as of 06/23/2016** | | | **0.00** |
| 05/09/2016 | Transaction Assessment | | 380.00 |
| 05/09/2016 | E-filing | Receipt # 2016-26589-DCLK | Mumphrey, Diane | (380.00) |
| 06/09/2016 | Transaction Assessment | | 2.00 |
| 06/09/2016 | E-filing | Receipt # 2016-33427-DCLK | Mumphrey, Diane | (2.00) |
| 06/17/2016 | Transaction Assessment | | 2.00 |
| 06/17/2016 | E-filing | Receipt # 2016-34938-DCLK | Mumphrey, Diane | (2.00) |

# EXHIBIT B

 **CT Corporation**

**Service of Process Transmittal**
05/26/2016
CT Log Number 529232161

| | |
|---|---|
| **TO:** | L&R Home Office Intake Unit<br>Allstate Insurance Company<br>2775 Sanders Rd # A2W<br>Northbrook, IL 60062-6110 |

**RE:** **Process Served in Texas**

**FOR:** Allstate Texas Lloyd's  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Diane Mumphrey, Pltf. vs. Allstate Texas Lloyd's, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition, Request(s), Interrogatories, Certificate of Service |
| **COURT/AGENCY:** | 400th Judicial District Court, Fort Bend County, TX<br>Case # 16DCV232157 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/26/2016 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Jesse S. Corona<br>The Corona Law Firm, PLLC<br>521 N Sam Houston Pkwy E<br>Ste 420<br>Houston, TX 77060<br>281-882-3531 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/26/2016, Expected Purge Date: 05/31/2016<br><br>Image SOP<br><br>Email Notification, Jessica Tortorello jessica.tortorello@allstate.com<br><br>Email Notification, Aspen Sprague aspra@allstate.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140<br>214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Johnny R. Black
LEGALSERV
8128 Spring Cypress Rd
Spring, Texas 77379



CERTIFIED MAIL

7015 1520 0001 5736 9217



1000



75201

U.S. POSTAGE
PAID
HOUSTON, TX
77009
MAY 24, 16
AMOUNT
**$8.62**
R2305H128507-07

Allstate Texas Lloyds
CT Corparation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201-3136

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**

THE STATE OF TEXAS

CITATION

TO:   **ALLSTATE TEXAS LLOYD'S
      BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
      1999 BRYAN STREET SUITE 900
      DALLAS TX  75201**

**NOTICE:**

      You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **May 06, 2016,** a default judgment may be taken against you.  Said answer may be filed by mailing same to: District Clerk's Office, 301 Jackson, Richmond, Texas 77469, or by bringing it to the office.  Our street address is 1422 Eugene Heimann Circle, Richmond, Texas 77469.  We are located on the first floor of the Courthouse building.

      The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas, and was filed **on May 06, 2016.** It bears cause number **16-DCV-232157** and is styled:

**DIANE MUMPHREY VS ALLSTATE TEXAS LLOYD'S**

      The name and address of the attorney for **PLAINTIFF** is:

**JESSE S. CORONA
THE CORONA LAW FIRM PLLC
521 N SAM HOUSTON PKWY E STE 420
HOUSTON TX  77060
281-882-3531**

      The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

      If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 11th day of May, 2016.**

            **DISTRICT CLERK ANNIE REBECCA ELLIOTT
            Fort Bend County, Texas**

            *Ashley Alaniz*

        By:_____
            **Deputy District Clerk ASHLEY ALANIZ
            Telephone: (281) 633-7616**

**SERVICE**

**16-DCV-232157**
**Diane Mumphrey vs Allstate Texas Lloyd's**

**400th Judicial District Court**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ____M.

Executed at _____, within the County of ___

_____, at _____o'clock ___M* on the _____ day of _

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together with

the accompanying copy of the petition, having first attached such copy of such petition to such copy of

citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
(First, Middle, Last)

my date of birth is_____, and my address is _____
(Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

Filed
5/6/2016 4:24:18 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Marissa Merlos

COPY

CAUSE NO. **16-DCV-232157**

| | | |
|---|---|---|
| DIANE MUMPHREY, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | Fort Bend County - 400th Judicial District Court |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DIANE MUMPHREY ("Plaintiff"), and complains of ALLSTATE TEXAS LLOYD'S ("ALLSTATE" and/or "Defendant"). In support of such claims and causes of action, Plaintiff respectfully shows unto this Honorable Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

1.1    Discovery in this case should be conducted in accordance with a Level 3 tailored discovery control plan pursuant to Texas Rule of Civil Procedure 190.4. Plaintiff affirmatively pleads this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169, as Plaintiff seeks monetary relief over $100,000.

### II. PARTIES

2.1    Plaintiff, DIANE MUMPHREY, is a resident of Fort Bend County, Texas.

2.2    Defendant, ALLSTATE TEXAS LLOYD'S, is a domestic  company engaged in the business of insurance in this state.  It may be served with process by serving its registered agent, CT Corporation System, by certified mail, return receipt requested, at 1999 Bryan Street,

---

Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.  Plaintiff requests citation be issued at this time.

### III.  JURISDICTION AND VENUE

3.1     This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.2     Venue is proper in Fort Bend County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Fort Bend County, Texas.

### IV.  AGENCY AND RESPONDEAT SUPERIOR

4.1     Whenever in this petition it is alleged that Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such a thing.  It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### V.  CONDITIONS PRECEDENT

5.1     All conditions precedent to recovery have been performed, waived, or have occurred.

### VI.  FACTS APPLICABLE TO ALL COUNTS

6.1     Plaintiff is the owner of a Texas Homeowner's Policy number 936452421 issued by ALLSTATE (the "Policy").

6.2     Plaintiff owns the insured property, which is specifically located at 16530 Tranquil Drive, Sugar Land, Texas 77498 (the "Property").

---

6.3     ALLSTATE, or its agent(s), sold the Policy, insuring and covering the Property against damages from storm-related events, to Plaintiff.

6.4     On or about August 11, 2015, Plaintiff experienced a storm that damaged the Property. In its track, the storm left behind widespread damage to the Property, Plaintiff's home.

6.5     The Plaintiff timely submitted a claim to ALLSTATE. ALLSTATE assigned various adjusters to adjust the claim. However, ALLSTATE and and its agents were not diligent in investigating Plaintiff's loss. ALLSTATE failed to timely and accurately investigate the covered loss. ALLSTATE assigned claim number 0397842931 to Plaintiff's claim.

6.6     Ultimately, ALLSTATE, inspected Plaintiff's property after the storm. During the inspection, ALLSTATE, was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of, and then quantifying the damage done to Plaintiff's home.

6.7     ALLSTATE prepared a repair estimate which did not account for all of the covered damages. Further, even the damages that were accounted for were vastly under-scoped. Thus, Defendant ALLSTATE demonstrated it did not conduct a thorough investigation of the claim.

6.8     Defendant ALLSTATE failed to fairly evaluate and adjust Plaintiff's claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, ALLSTATE engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.

6.9     Defendant ALLSTATE failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant ALLSTATE failed and refused to properly pay proceeds for the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to

recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant ALLSTATE's conduct constitutes a material breach of the insurance contract.

6.10    Defendant ALLSTATE misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

6.11    Defendant ALLSTATE's repair estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the amount of loss to the Plaintiff. Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

6.12    Defendant ALLSTATE failed to make an attempt to settle Plaintiff's claims in a prompt and fair manner, although they were aware of its liability to Plaintiff was reasonably clear under the Policy. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

6.13    Defendant ALLSTATE failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claims. Tex. Ins. Code § 541.060(a)(3).

6.14    Defendant ALLSTATE failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

6.15    Defendant ALLSTATE refused to fully compensate Plaintiff under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant ALLSTATE performed a results/outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

6.16    Defendant ALLSTATE misrepresented the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4) making a material misstatement of law; and/or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Section 541.061 of the same.

6.17    Defendant ALLSTATE failed to meet its obligation under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.055.

6.18    Defendant ALLSTATE failed to accept or deny the Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

6.19    Defendant ALLSTATE failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.058.

6.20    From the point in time Plaintiff's claim was presented to Defendant ALLSTATE, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant ALLSTATE has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the fully payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

6.21    As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action. On or about February 18, 2016 Plaintiff's counsel sent a letter of representation requesting various documents related to the storm.

6.22    On or about March 22, 2016, Plaintiff's counsel sent a Texas Deceptive Trade Practices Act ("DTPA") and Texas Insurance Code Notice and Demand letter. The letter informed Defendants of potential violations under the DTPA and Insurance Code related to its handling and adjusting of Plaintiff's claim and potential claims, including attorney's fees, statutory penalty interest, and additional damages arising from those violations. The Notice and Demand letter provided Defendants with the statutorily mandated sixty days to respond, and an opportunity to resolve the claim without extended litigation costs. Defendant made no attempt to respond to the Demand or settle the claim; satisfying the statutory requirement that Defendants either deny a

DTPA and Insurance Code Demand or be allotted a sixty time period to attempt to resolve the claim before a petition is to be filed.

6.23 To date, Defendant ALLSTATE has failed to and refused to pay Plaintiff for the proper repair of the property. Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of claim. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. COUNTS

7.1 Plaintiff incorporates by reference all facts, statements, and allegations set forth in all previous paragraphs, as if set forth in full in each cause of action that follows.

### 7.2 COUNT 1 – BREACH OF CONTRACT

a. At the time of the loss, Plaintiff had valid, enforceable insurance contract in place, issued by Defendant (the "Policy"). Plaintiff was the insured of the contract. Plaintiff fully performed her contractual obligations by making premium payments as required by the insurance contract, and at all times complied fully with all material provisions of the Policy.

b. According to the Policy that Plaintiff purchased, Defendant ALLSTATE had the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, the Plaintiff's home has been damaged.

c.      Defendant ALLSTATE's failure to properly investigate and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a material breach of Defendant ALLSTATE's contract with Plaintiff. As a·result of this breach of contract, Plaintiff has suffered the damages that are described in this Petition, the producing cause of which is Defendant's actions.

### 7.3     COUNT 2 – PROMPT PAYMENT OF CLAIMS; VIOLATION OF TEXAS INSURANCE CODE §542, ET SEQ.

a.      Under the Texas Insurance Code, Defendant ALLSTATE had a duty to investigate and pay Plaintiff's claim under the Policy in a timely manner. Defendant ALLSTATE violated Section 542 of the Texas Insurance Code by not timely: (1) commencing its investigation of the claim; (2) requesting information needed to investigate the claim; (3) communicating with its insured regarding the status of its investigation, including failing to accept or reject Plaintiff's claim in writing within the statutory timeframe; (4) conducting its investigation of the claim; and (5) paying the claim.

b.      All of the above-described acts, omissions, and failures of Defendant is a producing cause of Plaintiff's damages that are described in this petition. Defendant ALLSTATE is therefore liable under Section 542 for penalty interest at the rate set forth in the statute, and attorney's fees taxed as costs of this suit.

c.      Additionally, if it is determined Defendant ALLSTATE owes Plaintiff any additional money on Plaintiff's claim, then Defendant has automatically violated Section 542 in this case.

7.4 **COUNT 3 – UNFAIR INSURANCE PRACTICES; VIOLATION OF TEXAS INSURANCE CODE § 541, ET SEQ.**

a. As an insurer, Defendant ALLSTATE owes statutory duties to Plaintiff as its insured. Specifically, the Texas Insurance Code prohibits Defendant ALLSTATE from engaging in any unfair or deceptive act or practice in the business of insurance.

b. By its acts, omissions, failures, and conduct, Defendant ALLSTATE has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition, plus Defendant's unreasonable delays and under-scoping in the investigation, adjustment, and resolution of the Plaintiff's claim, plus Defendant's failure to pay for the proper repair of the Plaintiff's home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, Defendant ALLSTATE are guilty of the following unfair insurance practices:

    i. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    ii. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability had become reasonably clear;

    iii. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

    iv. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

v.      Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

vi.      Misrepresenting the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage; (2)  failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3)  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4)  making a material misstatement of law; and/or (5)  failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

c.      Defendant ALLSTATE has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.  Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

d.      All of the above-described acts, omissions, and failures of Defendant is a producing cause of Plaintiff's damages that are described in this petition, and were done knowingly and/or intentionally as that term is used in the Texas Insurance Code.

## 7.5    COUNT 4 – DTPA; VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE § 17.46, ET SEQ.

a.      Plaintiff is a consumer of goods and services provided by Defendant as defined by the Texas Deceptive Trade Practices Act ("DTPA"), codified under Chapter 17 of the Texas Business and Commerce Code.  The Plaintiff has met all conditions precedent to bringing this cause of action against Defendants.  Specifically, Defendant's violations of the DTPA include without limitation, the following matters.

b.      By its acts, omissions, failures, and conduct that are described in this petition, Defendant ALLSTATE has committed false, misleading, or deceptive acts or practices in violation of § 17.46(b)(2), (3), (5), (7), (11), (12), (13), (20), and (24) of the DTPA. In this respect, Defendant's violations include without limitation:

i.      Unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, during which Defendant employed a series of alleged "independent adjusters" under the control of Defendant, that caused confusion to Plaintiff as to whom was representing whom, and had whose best interests in mind. This gives Plaintiff the right to recover under Section 17.46(b)(2) and (3) of the DTPA;

ii.     As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services had characteristics, uses, or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

iii.    As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

iv.     As described in this petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

v. Defendant knowingly made false or misleading statements of fact concerning the need for replacement of roofing systems, which gives Plaintiff the right to recover under Section 17.46(b)(13) of the DTPA;

vi. Defendant breached an express and /or implied warranty that the damage caused by the subject storm would be covered under the insurance policies. This entitles the Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

vii. Defendant failed to disclose information concerning the insurance policy which was known at the time of the transaction where the failure to disclose such information was intended to induce the Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed. This gives Plaintiff the right to recover under Section 17.46(b)(24) of the DTPA;

viii. Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

ix. Defendant's conduct, acts, omissions, and failures as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA, under which violations of Chapter 541 of the Texas Insurance Code are an enabling statute.

c. All of the above-described acts, omissions, and failure of Defendant is a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and

intentionally, as those terms are used and defined in the Texas Deceptive Trade Practices Act.

## 7.6    COUNT 5 – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

a.    By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim, and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant is a proximate cause of Plaintiff's damages.

## 7.7    COUNT 6 – MISREPRESENTATION

a.    Defendant ALLSTATE is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Defendant ALLSTATE did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made by Defendant ALLSTATE or its agents, with the intention that they should be relied upon and acted upon by Plaintiff, who relied on the misrepresentations to his detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Defendant ALLSTATE is liable for these actual consequential and penalty-based damages.

## VIII.  WAIVER AND ESTOPPEL

8.1     Defendant is waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiff.

## IX.  DAMAGES / CLAIMS FOR RELIEF

9.1     All the damages described and sought in this petition are within the jurisdictional limits of the Court and exceed an aggregate amount of monetary relief over $100,000 but not more than $200,000.

9.2     The above described acts, omissions, failures, and conduct of Defendants caused Plaintiff's damages, which include, without limitation, (1) the cost to properly repair Plaintiff's home, (2) any investigative and engineering fees incurred by Plaintiff, (3) court costs, and (4) attorney fees.  The Plaintiff is entitled to recover consequential damages from Defendants' breach of contract.  The Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest.  ·

9.3     Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA, which allow recovery of up to three times economic damages.  Where there is an enabling statute for the DTPA, as there is here with the Texas Insurance Code, Plaintiff is entitled to recovery of up to three times actual damages. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

9.4     Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant is the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in the amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## X.  ATTORNEY'S FEES

10.1     As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned law firm and attorney to prosecute this action, and has agreed to pay reasonable attorney's fees. Plaintiff is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Section 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XI.  DISCOVERY

11.1     Under the Texas Rule of Civil Procedure 194, the Defendant is requested to disclose within fifty (50) days of service of this request, the information of material described in Texas Rule of Civil Procedure 194.2(a) through (l). Plaintiff's Requests for Disclosure, Requests for Production, Interrogatories, and Requests for Admissions are attached, for service at the time of service of this petition, and incorporated herein by reference.

## XII.  JURY DEMAND

12.1     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff DIANE MUMPHREY prays that Defendant ALLSTATE TEXAS LLOYD'S be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to economic damages, actual damages, consequential damages, statutory penalty interest, treble damages under the Texas Deceptive Trade Practices Act and Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest, at the highest rate allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
521 N Sam Houston Pkwy E, Ste. 420
Houston, Texas 77060
Office: 281.882.3531
Facsimile: 713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFF**

## PLAINTIFF'S REQUESTS FOR DISCLOSURE
## TO DEFENDANT, ALLSTATE TEXAS LLOYD'S

TO:   ALLSTATE TEXAS LLOYD'S, Defendant

Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information requested below.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By:  /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
521 N Sam Houston Pkwy E, Ste. 420
Houston, Texas 77060
Office:  281.882.3531
Facsimile:  713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFF**

## REQUESTS FOR DISCLOSURE TO DEFENDANT

**REQUEST FOR DISCLOSURE 194.2(a):** The correct names of the parties to the lawsuit.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(b):** Name, address, and telephone number of any potential parties.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(c):** The legal theories and, in general, the factual basis for your claims or defenses.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(d):** The amount and any method of calculating economic damages.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(e):** The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(f):** For any testifying expert:
  (a) the expert's name, address, and telephone number;
  (b) the subject matter on which the expert will testify;
  (c) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;
  (d) if the expert is retained by, employed by, or otherwise subject to your control:
    (i)  all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
    (ii)  the expert's current resume and bibliography.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(g):** Any indemnity and insuring agreements.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(h):** Any settlement agreements.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(i):** Any witness statements.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(j):** All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.
**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(l):** The name, address and telephone number of any person who may be designated as a responsible third party.
**RESPONSE:**

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
## TO DEFENDANT, ALLSTATE TEXAS LLOYD'S

TO:    ALLSTATE TEXAS LLOYD'S, Defendant

NOW COMES, DIANE MUMPHREY, Plaintiff in the above styled and numbered cause, and requires that ALLSTATE TEXAS LLOYD'S, Defendant, answer the following Requests for Production pursuant to Rule 196.3 of the Texas Rules of Civil Procedure, and Plaintiff requires that answers to same and copies of the original documents be served upon THE CORONA LAW FIRM, PLLC. Pursuant to Rule 196.3, the documents must be produced as they are kept in the usual course of business, or organized and labeled to correspond to the requests for production. Pursuant to Rule 196.2, a Response to these Requests shall be served within fifty (50) days after receipt of the Requests.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: */s/ Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
521 N Sam Houston Pkwy E, Ste. 420
Houston, Texas 77060
Office: 281.882.3531
Facsimile: 713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFF**

### DEFINITIONS AND INSTRUCTIONS

Pursuant to the provisions of Tex. R. Civ. P. 196, you are hereby requested to produce the below-designated documents.

These Requests are to be considered as continuing, and you are requested to provide by way of supplemental answers such additional information as you or any other person acting on your behalf may obtain which will augment or otherwise modify your response given to the Request below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

The following terms shall have the meaning indicated below:

a. "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

b. "Document" means any printed, typewritten, mechanically or otherwise recorded matter of whatever character including but not without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- and intra-office communications, statement, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original. If any document requested to be identified was, but is no longer in your possession or control or is no longer in existence, state whether it is (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and if so, to whom, or (4) otherwise disposed of, and in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

c. "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other persons acting for said "party."

d. The term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings, among two or more persons.

## PRIVILEGED OR PROPRIETARY DOCUMENTS

If any document requested is withheld on the basis of any claim of privilege or work product, or otherwise, You are requested to submit in lieu of any such information a written statement, no later than the date of the commencement of the document production:

a. Identifying the person or persons who prepared or authored the document and, if applicable, the person or persons to whom the document was sent or shown;

b. Specifying the date on which the document was prepared or transmitted;

c. Identifying the subject matter of the document;

d. Describing the nature of the document (e.g., letter, telegram, etc.);

e. Stating the number of pages, attachments, and appendices;

f. Stating the identity of each person who had access to, custody of, and who received a copy of the document;

g. Identifying the present custodian;

h. Stating the reason why the document was not produced;

i. Stating briefly why the document is claimed to be privileged or to constitute work product; and

j. Identifying the paragraph of this request to which the document relates.

If any document relates in any way to a meeting or to any conversation, all participants in the meeting or conversation are to be identified.

## ELECTRONICALLY STORED INFORMATION

For electronically stored information, please produce, no later than the date of the commencement of the document production, a discovery log that details the type of information, the source of information, the discovery request to which the information corresponds, and the information's electronic ID number. Write all the electronically stored information to a reasonably usable storage media, such as a CD, DVD, or Flash Drive.

For electronically stored information, identify every source containing potentially responsive information that You are not searching or producing.

## LOST OR DESTROYED DOCUMENTS

If any document requested has been lost, discarded, or destroyed, you are requested to submit a written statement no later than the date of the commencement of the document production, identifying as completely as possible each such document so lost, discarded or destroyed. Identification of each such document shall include the date of disposal, manner of disposal, reason for disposal, persons authorizing the disposal, persons having knowledge of the disposal and persons disposing of the company.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** The insurance policy in effect on the date of Plaintiff's claims(s) making the basis of this suit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** The entire claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiff's claim(s) making the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All training and educational materials which instruct claims adjusters or claims handles in handling claims for coverage for property damage, hurricane damage, hail, water damage, roof and/or wind damage under Defendant's homeowners' insurance policies in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage for property damage, hurricane damage, hail, water damage, roof and/or wind damage under Defendant's homeowners' insurance policies in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, including the criteria for and the process for evaluating whether coverage exists under Defendant's homeowners' insurance policies in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

---

**REQUEST FOR PRODUCTION NO. 6:** All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, hurricane damage, hail, water damage, roof damages, and/or wind damage to the house, including the criteria, for and the process for, evaluating whether coverage exists under Defendant's homeowners insurance policies in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All communications and documents including electronic between Defendant and Plaintiff regarding Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All communications and documents, including electronic, between Defendant and any third party regarding Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All communications and documents, including electronic, between Defendant and any other Defendant(s) regarding Plaintiff's claims.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant company, regarding Plaintiff's claims.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All communications and documents Defendant sent to any other Defendant(s) in this cause of action regarding Plaintiff or the property, after Plaintiff's claim(s) for coverage.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All photographs, diagrams, drawings, or other graphic depictions of Plaintiff or the Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries regarding the insurance claim(s) made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All reports and other documents from governmental agencies or offices regarding Plaintiff's Property or containing officially kept information regarding Plaintiff's property.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim

documents, regarding all homeowner insurance claims made by Plaintiff under Plaintiff's homeowner insurance policy/policies with Defendant, specifically regarding damage to the exterior and interior of Plaintiff's Property. This request is limited to the last ten (10) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendors list."
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** Any and all records and/or documents maintained by person(s) responsible for maintaining and updating the "approved vendors list."
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Any and all records and/or documents maintained by person(s) responsible for creating the criteria utilized to qualify vendors, including contractors and roofing companies, for the "approved vendors list."
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** All documents, including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiff's Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiff's Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** Any and all claim files Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** Any and all claim files Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage under Defendant's homeowner insurance policies in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage, hurricane damage, hail, water damage, hail damage, roof damages, and/or wind damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling Defendant's first property insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** All materials meant to instruct and guide Defendant's claims adjuster under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code § 541.06 and/or Article 21.21. This request is specifically limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** All materials meant to instruct and guide Defendant's claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code § 542.055 et seq. and/or Article 21.55. This request is specifically limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits filed by insured against Defendant regarding the handing, review and/or adjusting of homeowner insurance claims in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Any and all materials, handouts, manuals, outlines, articles and/or documents used or relied upon by Defendant to conduct any seminars and/or continuing education classes for Defendant's employees and/or independent adjusters, regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and

property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant to claims representatives and/or adjusters, or received by claims representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant's employer, employees, agents, and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims., commercial insurance claims, and property damage, hurricane claims, hail, water damage, roof damage claims and/or wind damage claims in Texas, within the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** Any and all materials reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** Any and all materials, documents, files, and/or reports sent to Defendant by its employer, employees, agents, and/or representatives on a monthly, weekly, or daily basis regarding Plaintiff's claim(s). Include any and all field notes and summaries of the room-by-room scope of Plaintiff's Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** Any and all materials, documents, files, and/or reports containing list(s) of contractors and/or roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically related to homeowner insurance claims. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** Any and all computer programs, electronic data, documents, and/or manuals used by the adjusters and claims representatives to perform property damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiff's claim(s). This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**  Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**  Any and all materials, documents, files and/or reports of contractors and roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**  Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiff's claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**  Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiff's claim(s) asserted in this lawsuit, prepared on behalf of Defendant.  This request is limited to the State of Texas.  This request is specifically limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**  A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.  This request is specifically limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**  The most recent address maintained on file for any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**  Any and all documents and/or claim files for persons or entities that have filed property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims that have been adjusted by any adjusters and/or adjusting companies on behalf of Defendant.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**  Any and all activity logs relating to Plaintiff's claim(s) for property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage to Plaintiff's property, and specifically, the claim(s) made the basis of this suit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**   Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**  Any and all organizational charts for Defendant.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**  Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiff's claim(s) was assigned.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**  Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**  Any and all claims and underwriting files for each claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit in Texas.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**  Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:**  Any and all documents reflecting or relating to Defendant's decision to pay or deny additional expenses to or on behalf of Plaintiff in this case.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:** Any and all records reflecting payment to Plaintiff's claim(s) made the basis of this suit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:**  Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:**  Any and all documents relating to or reflecting any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:** Any and all documents relating to the assignment of Plaintiff's claim(s) to any and all adjusters assigned to Plaintiff's claims made the basis of this lawsuit, from the time of hiring through the present.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:** Any and all documents relating to or reflecting referrals of vendors to Plaintiff or any insured.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:** If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:** Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:** Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiff and any and all adjusters assigned to Plaintiff's claims made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:** All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:** Any and all indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:** Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by insured homeowners. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:** Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim(s).
**RESPONSE:**

---

**REQUEST FOR PRODUCTION NO. 66:**   All non-privileged e-mails regarding the investigation, adjusting, and/or handling of the claim(s) made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:**   All e-mails between Defendant's adjusters, agents, supervisors, officers, and/or executives regarding changes in the educational programs relating to the handling of property damage, hurricane damage, hail, water damage, and/or roof damage claims.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:**   All computer files, databases, electronically-stored information or computer-stored information regarding the property damage, hurricane damage, water damage and/or roof damage that have been compiled, prepared, and/or supervised by Defendant, whether or not they are in Defendant's possession or in the possession of another entity.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:**   True and complete copies of all billing records from any and all independent adjusters regarding the claim(s) made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:**   True and complete copy of activity logs filed by the staff and independent adjusters on the file pertaining to the claims(s) made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:**   Any and all reports, documents, or correspondence containing the names and locations of all adjusters who have worked on this file to the present.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:**   True and complete copies of all billings on the file from the independent adjusters, including the time sheets or documentation used to justify the billings.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 73:**   Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited dates, changes and requested made by the adjusters.  This request is limited to last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 74:**   Any and all lawsuit involving vendors, staff or management involved with property claims, property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims from 2000 to present.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:** Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct,

---

fraud investigation and/or inappropriate behavior of any person associated with the handling of Defendant's claim files, management of property damage, hail, water damage, roof damage and/or wind damage claims, including staff and vendors.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 76:**  Any and all answers made in previous discovery requests for lists or databases of property damage, hurricane damage, hail damage, water damage, roof damage and/or wind damage.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 77:**  Any and all answers and affidavits made by Defendant and its counsel in previous discovery requests for training procedures, and training manuals for property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage claims.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:**  Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:**  Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable for claims, property damage, hurricane damage, catastrophe, hail damage, water damage, roof damage, and/or wind damage claims for 2000 through the present, along with a list of the lawsuits where testimony was given.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 80:**  Any and all training manuals used by vendors to train their adjusters on property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for Defendant.  This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 81:**  Any and all correspondence from Defendant to and from vendors regarding any instructions, procedures, changes, training, payments, and billing for property damage, hurricane, flood, wind, hail and catastrophe claims for 2000 through the present, including but not limited to computer disks, e-mails, paperwork, and manuals.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 82:**  Any and all correspondence concerning issues with billing and claims handling with Defendant's vendors, and/or independent adjusting companies. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 83:**  Any and all demand letters, lawsuits and/or subrogation claims filed against any of Defendant's vendors, or by any vendors against Defendant. This request is limited to the last five (5) years.

---

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 84:** Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant's staff for property damage claims, hurricane damage claims, flood damage claims, wind damage claims, hail damage claims, water damage claims, and/or roof damage claims training. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 85:** Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage, hurricane damage, wind damage, hail damage, water damage, and/or roof damage claims previously gather and produced in earlier complaints or lawsuits. This request is limited to the last five (5) years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 86:** Any and all reports, documents or correspondence containing lists of all lawsuits or disputes filed against Defendant or its entities or affiliates nationwide containing an element of property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for 2000 through present.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 87:** Copies of the front and back of each negotiated check made payable to solely or co-payable to Plaintiff under Plaintiff's insurance policy in effect during the time of the insurance claim made the basis of this lawsuit, and which was issued by Defendant.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 88:** Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 89:** Studies commissioned by Defendant, including any done by a law firm to analyze its claim management strategies, and/or to help it improve corporate profits.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 90:** Affidavits or depositions of the employee(s) who handled Plaintiff's claim(s), or their supervisors, in all other cases involving the same or similar allegations in this case.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 91:** The entire underwriter's file for underwriting the insurance policy made the basis of this lawsuit.
**RESPONSE:**

---

**REQUEST FOR PRODUCTION NO. 92:** All notes, reports, documents, or applications created and/or generated by Defendant's underwriting department relating to the insurance policy made the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 93:** Please produce your Claims Service record related to the claim that forms the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 94:** Please produce your Activity Log related to the claim that forms the basis of this lawsuit.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 95:** Please produce your claims manual that applies or applied to this claim up to the time that you received a demand letter from Plaintiff or were served with the petition in this case.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 96:** Produce all reinsurance treaties that potentially apply to the insurance policy in related to the claim, whether or not you have or will notify the reinsurer of the claim.
**RESPONSE:**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT, ALLSTATE TEXAS LLOYD'S

TO:    ALLSTATE TEXAS LLOYD'S, Defendant

NOW COMES, DIANE MUMPHREY, Plaintiff in the above styled and numbered cause, and requires that ALLSTATE TEXAS LLOYD'S, Defendant, answer the following interrogatories under the provisions of Rule 197 of the Texas Rules of Civil Procedure, and Plaintiff requires that answers to same be served upon the THE CORONA LAW FIRM, PLLC no later than fifty (50) days after the date of the service hereof.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: */s/ Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
521 N Sam Houston Pkwy E, Ste. 420
Houston, Texas 77060
Office: 281.882.3531
Facsimile: 713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFF**

### DEFINITIONS AND INSTRUCTIONS

The undersigned party propounds the attached questions to you under the provisions of Rule 197 of the Texas Rules of Civil Procedure. These questions are being served on your attorney and answers to the Interrogatories should, to the extent possible, be answered in the spaces provided; and if additional space is needed, please use additional sheets or the back of the preceding page. You are notified that this party specifies that the answers shall be filed and served upon the undersigned on or before the expiration of fifty (50) days from the date of the service of these questions; and the questions and your sworn answers may be offered in evidence at the trial of this lawsuit.

In answering these questions, please furnish all information available to you, including information in the possession of your attorney, or its investigators, and all persons acting in your behalf, and not merely such information known of your own personal knowledge.  If you cannot answer the Interrogatory in full after exercising due diligence to secure the information, so state in your answer and, to the extent possible, answer stating whatever information or knowledge you have.

These Interrogatories are to be considered as continuing, and you are requested to provide by way of supplemental answers such additional information as you or any other person acting on your behalf may obtain which will augment or otherwise modify your answers given to the Interrogatories below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

The following terms shall have the meaning indicated below.

a. "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, or any other kind of entity or its agents, servants and employees.

b. "Document" means any written instrument, recorded matter of whatever character, including but without limitation contracts, letters, purchase orders, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, statements, investigative reports, announcements, newspaper articles, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material, and anything else in writing.

c. "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other persons acting for said party.

d. "Misconduct" is defined as an activity, act, or omission to act which result in a breach of warranty, express of implied, violation of any statute, regulation, or industry standard, whether relating to safety or otherwise, or a breach of any duty of any care.

e. "Plaintiff" is defined as the party who is propounding these Interrogatories to you and any of its agents, servants or employees.

f. "Occurrence" shall mean the accident, event or happening as set forth in the Plaintiff's complaint that has given rise to this lawsuit.

g. When asked to "describe" a document, state the title, subject matter, author, date, addressee, file designation and other identifying designation and the present locations and custodian of the document.

Whenever an Interrogatory asks information concerning a document, you are requested to attach a copy of that document to your answers.

In each question wherein you are asked to identify a person, please state with respect to such person his full name, last known address and home telephone number. If the person to be identified is not a natural person (e.g. a corporation) give its name and address and principal business activity.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** State the name, address, telephone number, and position or job title of all persons answering these interrogatories.
**ANSWER:**

**INTERROGATORY NO. 2:** State whether Defendant contends that any conditions precedent to Plaintiff's recovery has not been met, whether said conditions be stated in the insurance policy or required by law. If so, state what conditions have not been met.
**ANSWER:**

**INTERROGATORY NO. 3:** List the date(s) Defendant requested that Plaintiff provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiff's claim(s).
**ANSWER:**

**INTERROGATORY NO. 4:** Please state the following concerning notice of claim and timing of payment: (a) the date and manner in which Defendant received notice of the claim; (b) the date and manner in which Defendant acknowledged receipt of the claim; (c) the date and manner in which Defendant commenced investigation of the claim; (d) the date and manner in which Defendant requested from the claimant all items, statements, and forms that Defendant reasonably believed, at the time, would be required from the claimant; and (e) the date and manner in which Defendant notified the claimant in writing of the acceptance or rejection of the claim.
**ANSWER:**

**INTERROGATORY NO. 5:** State whether Defendant contends that Plaintiff did not provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiff's claim(s). If so, state what information was requested and not provided, and the dates of the requests.
**ANSWER:**

**INTERROGATORY NO. 6:** State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries, made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) made the basis of this lawsuit, including the name, address, and telephone number of the supervisor identified person. For any such person who is no longer an employee, agent, or representative of any defendant, please so indicate and provide the person's last known address and telephone number.
**ANSWER:**

**INTERROGATORY NO. 7:** State ever basis, in fact and in the terms of Plaintiff's policy, for Defendant's denial or payment and/or recommendation of denial or payment of Plaintiff's claims.
**ANSWER:**

**INTERROGATORY NO. 8:** State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's failure to pay the Plaintiff's full claims.
**ANSWER:**

**INTERROGATORY NO. 9:** State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code § 541.060, formerly known as Article 21.21, or violations of Texas Insurance Code § 542.055, et seq., formerly known as Article 21.55, in the handling of first party claims for property damage coverage under homeowner insurance policies.
**ANSWER:**

**INTERROGATORY NO. 10:** State the legal theories and describe the factual basis, for your contention that Defendant fully complied with each of the claims handling requirements codified

---

in Texas Insurance Code § 541.060, the violation of which is alleged in Plaintiff's current live pleading against Defendant.
**ANSWER:**

**INTERROGATORY NO. 11:** State the legal theories and describe the factual basis for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code § 542.055, in that Defendant followed all statutory deadlines, and by no later than the 15th day of notice of the claim in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days acknowledged receipt of the claim, commenced investigation of the claim, and requested any proper documents from Plaintiff's reasonably believed necessary to conduct such investigation, made additional requests during the investigation as necessary, and if acknowledged of receipt of the claim was not in writing, made record of the date, manner and content, as refuted in Plaintiff's current live pleading against Defendant.
**ANSWER:**

**INTERROGATORY NO. 12:** State the legal theories and describe the factual basis for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code § 542.056, in that Defendant followed all statutory deadlines by notifying Plaintiff's in writing the acceptance or rejection of Plaintiff's claim no later than the 15th business day after receipt of any requested information from Plaintiff's, in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days), including stating the reason if rejected or explanation of why Defendant could not do so within that time, as refuted in Plaintiff's current live pleading against Defendant.
**ANSWER:**

**INTERROGATORY NO. 13:** State the legal theories and describe the factual basis for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code § 542.058, in that Defendant after receiving all items, statements, and forms reasonably requested and required under § 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by § 542.060, except where it is found as a result of arbitration or litigation that a claim received by an insurer is invalid and should not be paid by the insurer, receiving all necessary information, Defendant did not delay in making payments for more than 60 days, as refuted in Plaintiff's current live pleading against Defendant.
**ANSWER:**

**INTERROGATORY NO. 14:** State the name, address, and telephone number of each policyholder who gave Defendant written notice, within the last five years, of a complaint about Defendant's handling of first party claims for property damage coverage under homeowner insurance policies in Texas.
**ANSWER:**

**INTERROGATORY NO. 15:** State the name, address, and telephone number of each policyholder from whom Defendant recorded a complaint within the last five years, about Defendant's handling of first party claims for property damage coverage under homeowner policies in Texas.
**ANSWER:**

**INTERROGATORY NO. 16:** For each complainant identified in the responses to interrogatories 14 and 15, state whether any communication was exchanged between Defendant and any Texas governmental regulatory agency regarding the complaint. If the response is yes, for any such complainant, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.
**ANSWER:**

**INTERROGATORY NO. 17:** For each investigation by a Texas governmental agency within the last five years into Defendant's practices when handling first party claims for property damage coverage under homeowner/commercial policies, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.
**ANSWER:**

**INTERROGATORY NO. 18:** Identify by name, address, and telephone number, all persons and/or entities that have filed property damage claims, hurricane damage claims, hail damage claims, water damage claims, roof damage claims and/or wind damage claims with Defendant that have been adjusted by any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit, from the time of hiring through the present.
**ANSWER:**

**INTERROGATORY NO. 19:** Please state whether Defendant took, or is aware of the taking of, a recorded statement and/or examination under oath of any representative, or agent of, or any person employed by, Plaintiff regarding the claim made the basis of this lawsuit. If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed, where the statement is currently located, and/or the last place Defendant saw a transcription of same.
**ANSWER:**

**INTERROGATORY NO. 20:** Identify by name, address, and telephone number, all persons and/or entities, agency or agents, and brokers that have issued Plaintiff's policy.
**ANSWER:**

**INTERROGATORY NO. 21:** Identify by name, address, and telephone number, all persons and/or entities, agency or agents, and brokers that prepared Plaintiff's Policy including the Property made basis of the claim(s).
**ANSWER:**

---

**INTERROGATORY NO. 22:** Identify by name or company name, address, and telephone number any engineer(s) and/or engineering company(s), used to evaluate Plaintiff's claim(s), the name(s) of each prior claim each such person(s) and/or company(s) worked for Defendant, the date(s) of the reports, and the address of the Property for which the inspection was done.
**ANSWER:**

**INTERROGATORY NO. 23:** For each of the above listed engineer(s) or engineering company(s), list the compensation received from Defendant for any services and work performed in the last five years.
**ANSWER:**

**INTERROGATORY NO. 24:** When was the date Defendant anticipated litigation?
**ANSWER:**

**INTERROGATORY NO. 25:** For each of the above listed engineer(s) or engineering company(s), list the compensation received from Defendant for any services and work performed in the last five years.
**ANSWER:**

**INTERROGATORY NO. 26:** Does Defendant claim that Plaintiff failed to mitigate their damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.
**ANSWER:**

**INTERROGATORY NO. 27:** Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this lawsuit, identifying the criteria for that determination.
**ANSWER:**

**INTERROGATORY NO. 28:** To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiff's claim, identify those modifications.
**ANSWER:**

**INTERROGATORY NO. 29:** Identify all price lists used to prepare all estimates on the claim made the basis of this lawsuit, stating the manufacturer version, date and geographical area.
**ANSWER:**

## PLAINTIFF'S REQUEST FOR ADMISSIONS
## TO DEFENDANT, ALLSTATE TEXAS LLOYD'S

TO:    ALLSTATE TEXAS LLOYD'S, Defendant

NOW COMES, DIANE MUMPHREY, Plaintiff in the above styled and numbered cause, and requires that ALLSTATE TEXAS LLOYD'S, Defendant, answer the following Requests for Admissions, and Plaintiff requires that responses to same be served upon the undersigned no later than fifty (50) days after the date of the service hereof.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
521 N Sam Houston Pkwy E, Ste. 420
Houston, Texas 77060
Office:  281.882.3531
Facsimile:  713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFF**

### REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**  Admit the Defendant's principal place of business is Texas.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 2:**  Admit the Defendant conducts the business of insurance in Texas.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 3:**  Admit the Defendant insured Plaintiff's property against wind and hail damage.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 4:**  Admit the Defendant has been reported to the Texas Department of Insurance for the mishandling of claims in the last five (5) years.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 5:**  Admit the Plaintiff's property sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 6:**  Admit the Plaintiff's roof sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 7:**  Admit the windstorm created openings in Plaintiff's roof whereby water leaked into the interior of Plaintiff's home causing damage.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 8:**  Admit the as a result of water leaking into Plaintiff's home, Plaintiff's personal property was damaged.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 9:**  Admit the exterior of Plaintiff's home sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 10:**  Admit the windstorm that damaged Plaintiff's property was a covered occurrence under Plaintiff's insurance policy with the Defendant insurance company.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 11:**  Admit the Plaintiff's property sustained hail damage as a result of the hailstorm that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 12:**  Admit the Plaintiff's roof sustained hail damage as a result of the hailstorm that makes the basis of this lawsuit.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 13:**  Admit the exterior of Plaintiff's home sustained hail damage as a result of the hailstorm.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 14:**  Admit Plaintiff's personal property was damaged as a result of the hailstorm.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 15:**  Admit the hailstorm that damaged Plaintiff's property was a covered occurrence under Plaintiff's insurance policy with the Defendant insurance company.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 16:**  Admit the Defendant improperly and unreasonably adjusted Plaintiff's claim.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 17:**  Admit the Defendant performed an outcome-oriented investigation of Plaintiff's claim.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 18:**  Admit the Defendant did not conduct a reasonable investigation of Plaintiff's damage.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 19:**  Admit the Defendant has unreasonably delayed payment to the Plaintiff and failed to fairly settle Plaintiff's claim even though liability was reasonably clear.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 20:**  Admit the Defendant was not open and honest in its adjustment of Plaintiff's claim.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 21:**  Admit the Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 22:**  Admit the Defendant misrepresented to Plaintiff that the damage to Plaintiff's Property was not covered under the Policy.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 23:**  Admit the Defendant misrepresented to Plaintiff that the damage to Plaintiff's Property did not need to be replaced.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 24:**  Admit the Defendant was aware that the damage to Plaintiff's Property warranted replacement and not repair.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 25:**  Admit the Defendant took advantage of Plaintiff's lack of knowledge and expertise.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 26:**  Admit the Defendant engaged in false, misleading, and deceptive acts or practices in the business of insurance in the handling of Plaintiff's claim.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 27:**   Admit the Defendant made material false representations and/or material false promises to Plaintiff.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 28:**  Admit the Defendant intended that Plaintiff would rely on these false representations and upon which Plaintiff did reasonably rely to its detriment.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 29:**  Admit the Defendant breached its insurance contract with Plaintiff.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 30:**  Admit the Defendant failed to provide its adjuster with policies, guidelines, and/or materials pertaining to the lawful handling of insurance claims.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 31:**   Admit the Defendant purposely denied and/or underpaid Plaintiff's claim in order to continue making profit off of Plaintiff.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 32:**   Admit the Defendant provides incentives and/or bonuses to its adjusters for closing out claims without adequate payment.
**ADMIT OR DENY:**

**REQUEST FOR ADMISSION NO. 33:**  Admit the Defendant provided a bonus to its adjuster in relation to Plaintiff's claim.
**ADMIT OR DENY:**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Request for Disclosure, Request for Production, First Set of Interrogatories, and Requests for Admissions has been served upon Defendant by serving its Registered Agent at the same time Defendant was served with a copy of Plaintiff's Original Petition.

*/s/ Jesse S. Corona*
Jesse S. Corona

Filed
6/17/2016 3:23:19 PM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Layla Helton

CAUSE NO. 16-DCV-232157

| | | |
|---|---|---|
| DIANE MUMPHREY | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 400TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | |
| | § | |
| *Defendants.* | § | FORT BEND COUNTY, TEXAS |

## DEFENDANT ALLSTATE TEXAS LLOYD'S
## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Allstate Texas Lloyd's ("Defendant") and file this, its Original Answer to Plaintiff's Original Petition, and would respectfully show:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Texas Lloyd's prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, but Defendant go hence without delay and recover costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

---

Respectfully submitted,

*/s/ Jay Scott Simon*
Jay Scott Simon
State Bar No. 24008040
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Telecopy:  (214) 871-8209
Email: jsimon@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on June 17, 2016, a true and correct copy of the foregoing was served on Plaintiff's counsel of record by electronic filing service and/or certified mail return receipt requested:

Jesse S. Corona
The Corona Law Firm, PLLC
521 N. Sam Houston Parkway E., Suite 420
Houston, Texas 77060
jesse@theCoronaLawfirm.com

*/s/ Jay Scott Simon*
Jay Scott Simon